IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EDNA JOHNSON and CYRUS JOHNSON,<br><br>  Plaintiffs,<br><br>  vs.<br><br>AOAO MAKAI CLUB, a business of unknown status; THE MAKAI CLUB, a Hawaii nonprofit corporation; FIREMAN's FUND INSURANCE COMPANY OF HAWAII, INC., an insurance company; and DOES 1-10 inclusively,<br><br>  Defendants.<br>_____ | CIVIL NO. 09-00072 JMS/KSC<br><br>ORDER GRANTING AOAO MAKAI CLUB'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

## **ORDER GRANTING AOAO MAKAI CLUB'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

On March 5, 2009, Plaintiffs Edna Johnson ("Edna") and Cyrus Johnson ("Cyrus") (collectively, "Plaintiffs") filed an Amended Complaint against Defendants AOAO Makai Club, the Makai Club, and Fireman's Fund Insurance Company of Hawaii, Inc. ("Fireman's Fund") (collectively, "Defendants") alleging state law claims stemming from Edna's slip-and-fall on the AOAO Makai Club stairs. Currently before the court is AOAO Makai Club's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("AOAO Makai Club's Motion to Dismiss").

For the reasons set forth below, AOAO Makai Club's Motion to Dismiss is GRANTED.

## I. BACKGROUND

### A. Factual Background

On or about March 7, 2007, Edna slipped and fell on the stairs while attempting to return to Unit 404 of the Makai Club ("the Accident"). Am. Compl. ¶¶ 10-12. Edna received six stitches and severely bruised her fingers and hand. *Id.* ¶ 13. In the months following the Accident, Edna experienced recurring headaches and multiple episodes of altered mental states, both of which Plaintiffs attribute to the Accident. *Id.* ¶¶ 14-18.

Based on these events, Plaintiffs bring three state law claims against Defendants -- negligence against Makai Club and AOAO Makai Club by Edna (first claim); loss of consortium against Makai Club and AOAO Makai Club by Cyrus (second claim); and breach of the covenant of good faith and fair dealing against Fireman's Fund by Plaintiffs (third claim). Plaintiffs' Amended Complaint is premised on diversity jurisdiction.

### B. Procedural Background

Plaintiffs filed their Amended Complaint on March 5, 2009. Fireman's Fund filed its Answer on April 13, 2009, and Defendant AOAO Makai

Club filed its Answer on April 22, 2009.[1]

On July 7, 2009, AOAO Makai Club filed their Motion to Dismiss. On July 23, 2009, Fireman's Fund filed a Statement of No Opposition. Plaintiffs filed an Opposition on July 23, 2009, and AOAO Makai Club filed a Reply on July 27, 2009. A hearing was held on August 25, 2009. During the hearing, the court requested supplemental briefing on the limited issue of the citizenship of three individuals. As a result, on August 31, 2009, AOAO Makai Club filed Supplemental Declarations and a Supplemental Motion. Plaintiffs filed a Supplemental Opposition on September 8, 2009, and the AOAO Makai Club filed a Supplemental Reply on September 14, 2009.

## II.  **STANDARD OF REVIEW**

A federal court may dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

---

[1] On August 4, 2009, Plaintiffs filed a Motion for an Order Granting Leave to File a Second Amended Complaint, again naming AOAO Makai Club as a defendant. Thus, the proposed Second Amended Complaint would not impact the court's subject matter jurisdiction analysis.

"[U]nlike a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined by the facts contained in the four corners of the complaint -- it may consider facts and need *not* assume the truthfulness of the complaint[,]" and the existence of disputed material facts will not preclude the court from evaluating the existence of subject matter jurisdiction.  *Americopters, LLC v. Fed. Aviation Admin.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("If subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the disputes on [his or] her own.").  Accordingly, the court may use affidavits and other forms of competent evidence offered by the parties in order to resolve the disputed jurisdictional issues without converting the motion to dismiss into one for summary judgment.  *See United States ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1200 n.2 (9th Cir. 2009); *Safe Air for Everyone*, 373 F.3d at 1039; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  "'Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'"  *Safe Air for Everyone*, 373

F.3d at 1039 (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

When, as here, subject matter jurisdiction is challenged in a motion to dismiss, the plaintiff has the burden of proving jurisdiction. *Kingman Reef*, 541 F.3d at 1197; *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]") (citations and quotation signals omitted)).

## III.  DISCUSSION

AOAO Makai Club argues that Plaintiffs' Amended Complaint lacks complete diversity and, therefore, this court must dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction. The court agrees.

**A.    Subject Matter Jurisdiction**

"It is axiomatic that federal courts are courts of limited jurisdiction." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1251 (9th Cir. 2006) (citation, quotation signals, and brackets omitted); *see Cary v. Curtis*, 44 U.S. 236, 244 (1845) ("[T]he judicial power of the United States . . . [depends] entirely upon the action of Congress, who possess the sole power of creating the tribunals . . . for the exercise

of the judicial power, and of investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good[.]").

Plaintiffs bring their Amended Complaint pursuant to 28 U.S.C. § 1332 based on the alleged diversity of citizenship between the parties. *See* Am. Compl. ¶ 1. Section 1332(a)(1) states that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." For a case to qualify for federal jurisdiction under § 1332, there must be total diversity of citizenship between the opposing parties -- in other words, all of the plaintiffs must be citizens of different states than all of the defendants. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[Section] 1332 . . . requir[es] complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir 2004).

For jurisdictional purposes, the citizenship of an unincorporated association is determined based on the citizenship of *all* of the entity's members.

*See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) (rejecting "the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members" and instead applying the longstanding rule that the court must "count every member of an unincorporated association for purposes of diversity jurisdiction"); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an unincorporated association . . . has the citizenships of all of its members"); *see also Underwood v. Maloney*, 256 F.2d 334, 338 (3d Cir. 1958) ("[W]here jurisdiction is sought to be founded on diversity of citizenship, the action being by or against an unincorporated association, . . . the citizenships of the individual members of the unincorporated association must be shown to be wholly diverse from that of the opposing party[.]").[2]  A natural person's citizenship is determined by that person's domicile -- that is, "where [he or] she resides with the intention to remain or to which [he or] she intends to return." *Kanter v.*

---

[2] Section 1332(d)(10)'s provision that "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized" -- upon which Plaintiffs incorrectly rely, *see* Pls.' Opp'n 9-10 -- only applies to class actions and therefore has no applicability to this case. *See* 28 U.S.C. §§ 1332(d)(1)-(2), d(10); *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (citing § 1332(d)(1) and explaining that the Class Action Fairness Act "abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes" for qualifying class actions).
  Plaintiffs' argument that construing 28 U.S.C. § 1332(d)(10) to apply only to class actions is a "deprivation of due process, equal protection and access to the courts," *see* Pls.' Opp. at 10, is wholly frivolous and does not provide them jurisdiction in this court.

*Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Gaudin v. Remis*, 379 F.3d 631, 637 (9th Cir. 2004) (noting that domicile includes an objective and subjective component and that the subjective factor may be established by objective factors).[3]

Plaintiffs' Amended Complaint lacks complete diversity. Plaintiffs are California citizens, Am. Compl. ¶¶ 2-3, and Defendant AOAO Makai Club is an unincorporated association[4] with members who are also citizens of California -- that is, members who reside in California with the intent to remain there.[5] *See* Baca Decl. ¶¶ 1, 3; Russell Decl. ¶¶ 1, 3; Kaminsky Decl. ¶¶ 1, 3; Supplemental Baca Decl. ¶¶ 1-7; Supplemental Russell Decl. ¶¶ 1-6; Supplemental Kaminsky ¶¶

---

[3] Factors that courts examine to determine a natural person's domicile include, but are not limited to, "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

[4] In its July 23, 2009 opposition, Plaintiffs do not dispute that AOAO Makai Club is an unincorporated association, but instead encourage the court to view AOAO Makai Club as something other than an unincorporated association through a series of comparisons -- e.g., referring to AOAO as "more like that of a corporation," Pls.' Opp'n 4, and "more like a trust," *id.* -- Plaintiffs provide neither legal authority nor evidence upon which this court could find that AOAO is anything but an unincorporated association.

[5] AOAO Makai Club has submitted evidence that their members live in California, retired in California after working there for many years, file income tax returns in California, are registered to vote in California, hold California driver's licenses, and belong to California organizations. *See* Supplemental Baca Decl. ¶¶ 1-7; Supplemental Russell Decl. ¶¶ 1-6; Supplemental Kaminsky ¶¶ 1-5.

1-5;Yee Decl. ¶ 5; Defs.' Exs. A-B.  As such, there is no basis for diversity jurisdiction under § 1332 and the court may not retain jurisdiction over this action. *See, e.g.*, *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995) ("[D]ismissal of Branson's complaint was required because the district court lacked subject matter jurisdiction . . . .").

None of Plaintiffs' arguments to the contrary convinces the court otherwise.

First, the court will not ignore the Rule 12(b)(1) Motion to Dismiss because it was filed after AOAO Makai Club filed its Answer.  *See* Pls.' Opp'n 1. Because federal courts are courts of limited jurisdiction, "[a] litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action[.]"  *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *see also United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[S]ubject-matter jurisdiction . . . can never be forfeited or waived.").  In fact, even if AOAO Makai Club had not raised the issue of subject matter jurisdiction, once the citizenship of the parties became known, the court would have had an affirmative obligation to *sua sponte* dismiss this action for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action.") (emphasis added); *Grupo Dataflux v. Atlas Global Group,*

*L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of [the] district court . . . to be alert to jurisdictional requirements.").

Second, AOAO Makai Club's Motion to Dismiss is not procedurally premature.  While not entirely clear, Plaintiffs argue that they either have or will discover information that may render the current Motion to Dismiss moot.  *See* Pls.' Opp'n 2-3; Hamlish Decl. ¶¶ 5-10.  Plaintiffs, however, fail to identify *any* evidence (either actual or potential) that rebuts AOAO Makai Club's showing that complete diversity is lacking -- that is, Plaintiffs do not claim that through discovery they can counter the showing that members of AOAO Makai Club and Plaintiffs are both citizens of California.  As such, Plaintiffs have failed to meet their burden and this argument provides them no relief.

Third, AOAO Makai Club has not failed to comply with Local Rule 56.1, *see* Pls.' Opp'n 1, because their Motion to Dismiss shall not be converted into a motion for summary judgment.  It is not appropriate to convert a 12(b)(1) motion into a motion for summary judgment unless "the facts relevant to determining subject matter jurisdiction go directly to the merits" of the claim.  *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987); *see also Meyer*, 373 F.3d at 1039 ("The question of jurisdiction and the merits of an action are intertwined where 'a statute provides the basis for both the subject matter

jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" (quoting *Thornhill Publ'g Co. v. Gen. Tel. Co.*, 594 F.2d 730, 734 (9th Cir. 1979)). Because the facts relevant to determining subject matter jurisdiction (*i.e.*, the citizenship of the parties) have nothing do with the merits of the underlying state law claims, conversion of AOAO's Motion to Dismiss is not appropriate. Put slightly differently, because "the jurisdictional issue is [not] inextricable from the merits of a case," determination of subject matter jurisdiction is a separate issue that shall be decided *before* the merits of the underlying claim can be addressed. *See Kingman Reef*, 541 F.3d at 1195; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Branson*, 62 F.3d at 291.

       Fourth, in their September 8, 2009 Supplemental Opposition, Plaintiffs dispute, for the first time, that AOAO Makai Club is an unincorporated association.[6] The court rejects this argument for two reasons. First, during the August 25, 2009 hearing, the court clearly limited supplemental briefing to the issue of the citizenship of Nancy Baca, Dwight Russell, and Shirley Keminsky. Plaintiff's Opposition, to the extent it strays from these limited parameters, is

---

[6] This claim is directly contradicted by Plaintiff's proposed Second Amended Complaint, alleging that "Defendant AOAO Makai Club at Princeville is an unincorporated association with its principal place of business in Princeville, Hawaii." Doc. No. 44.

stricken. Second, even if the court considered the Supplemental Opposition, it simply argues, without providing any *evidence,* that AOAO Makai Club is an unincorporated association.[7] Absent the presentation of evidence, Plaintiffs fail in their task of proving diversity jurisdiction. *See Tosco Corp.*, 236 F.3d 495, 499 (9th Cir. 2001)("When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion.").

Finally, the remainder of Plaintiffs' arguments are wholly without merit.[8] Thus, the court GRANTS AOAO Makai Club's Motion to Dismiss.

## B.     Transfer of this Action

In the alternative, Plaintiffs request that the court transfer the first and second claims of the Amended Complaint to either the Hawaii state court or the United States District Court for the Southern District of California pursuant to 28

---

[7] Plaintiffs simply point out that a separate entity, Makai Club Interval Ownership Program, may be an incorporated entity. Even if true, this sheds no light on AOAO Makai Club's status.

[8] For example, the court need not address Plaintiffs' arguments regarding standing and whether an Association of Apartment Owners are subject to suit generally (including citations to various Hawaii Revised Statutes and Hawaii case law), *see* Pls.' Opp'n 5-6, 8-9, because those arguments are wholly irrelevant to AOAO Makai Club's Motion to Dismiss based upon *lack of subject matter jurisdiction*. Additionally, Plaintiffs' argument that this court has supplemental jurisdiction over the first and second claims of their Amended Complaint under 28 U.S.C. § 1367 because the third claim "is a diversity case," *see* Pls.' Opp'n 2, is a complete misstatement of the law.

U.S.C. § 1631.  *See* Pls.' Opp'n 2, 14.  For the following reasons, the court declines to transfer any or all of this action to either court.

Under § 1332, a federal court's subject matter jurisdiction is based upon the totality of an action and not on a subset of claims within that action.  *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil *actions . . .*") (emphasis added).  As such, the court does not have the authority to keep part of Plaintiffs' case and parcel out the rest to other courts in order meet the jurisdictional requirements.

Further, § 1631 does not allow the court to transfer this action to another state or federal court.  Section 1631 provides that

> [w]henever a civil action is filed in a court as defined in section 610 of this title or an appeal, . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Section 610 defines "court" to include the federal courts of the United States.  28 U.S.C. § 610.

With regard to a transfer to a Hawaii court, § 1631 only authorizes the

court to transfer this action to another *federal* court, not to a *state* court.  *See* 28 U.S.C. §§ 610, 1631; *see, e.g., Hadley v. Haw. Gov't Employees' Ass'n*, 281 Fed. Appx. 683, 2008 WL 2245710, at *1 (9th Cir. June 2, 2008) (affirming district court's refusal to transfer action to state court because § 1631 only provides for transfer of claims between federal courts).

As to Plaintiffs' request that the court transfer the case to the Southern District of California, the court may only "transfer such action or appeal to any other such court in which the action or appeal *could have been brought at the time it was filed*[.]" 28 U.S.C. § 1631 (emphasis added).  This action, however, could not have been brought in any other federal court for lack of subject matter jurisdiction.

The court, therefore, declines Plaintiffs' request to transfer any part of this action to another state or federal court.

///

///

///

///

///

///

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS AOAO Makai Club's Motion to Dismiss.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 17, 2009.



    /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Johnson, et al. v. AOAO Makai Club, et al.*, Civ. No. 09-00072 JMS/KSC; Order Granting AOAO Makai Club's Motion to Dismiss for Lack of Subject Matter Jurisdiction